United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHEEM AHMAD HANIF, | No. C 09-04585 JW (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| vs. | |
| DR. SHAW, | |
| Defendant. | |

Plaintiff, a prisoner at the Solano County Jail in Fairfield,[1] has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983, against Defendant Dr. Shaw at Napa State Hospital for deliberate indifference to his serious medical needs.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

---

[1] This action was transferred from the Eastern District pursuant to 28 U.S.C. § 1406(a). (See Docket No. 5.)

1 claims or dismiss the complaint, or any portion of the complaint, if the complaint "is
2 frivolous, malicious, or fails to state a claim upon which relief may be granted," or
3 "seeks monetary relief from a defendant who is immune from such relief." Id. §
4 1915A(b).Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police
5 Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff alleges that between June 24, 2009 and July 4, 2009, he notified a nurse that he was experiencing severe pain in his groin and back, and that his pain medication had expired. (Compl. at 3.) Plaintiff claims that when the nurse contacted defendant Shaw, who was the on-call doctor at the time, defendant Shaw was "very rude" and stated "'I'm not giving him anything[;] read my notes.'" (Id.) Based on these allegations, Plaintiff claims that defendant Shaw showed a deliberate indifference to his serious medical needs.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.

However, a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002);

Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see, e.g., Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); McGuckin, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain); Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir. 1988) (no more than negligence stated where prison warden and work supervisor failed to provide prompt and sufficient medical care).

Assuming that the allegations against defendant Shaw are true, her failure to prescribe additional medication amounts to nothing more than negligence. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. Based on plaintiff's allegations, defendant Shaw did not know or had reason to know that plaintiff would face a substantial risk of serious harm if she did not prescribe more medication. Her statement to the nurse to "read my notes" indicates that she was aware of plaintiff's condition but did not consider he warranted more medication. (Compl. at 3.) At most this was an isolated incidence of neglect, which may constitute medical malpractice but does not rise to the level of unnecessary and wanton infliction of pain. See McGuckin, 974 F.2d at 1059. Accordingly, plaintiff's deliberate indifference claim is DISMISSED because it amounts to no more than a claim of

negligence and is not actionable under § 1983.

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED with prejudice.

DATED: January 29, 2010

JAMES WARE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.09\Hanif04585_dismissal.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RAHEEM AHMAD HANIF,

        Plaintiff,

  v.

SHAW,

        Defendant.
                                          /

Case Number: CV09-04585 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   2/1/2010  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raheem Ahmad Hanif
SOLANO COUNTY JAIL
500 Union Avenue
Fairfield, CA 94533

Dated:   2/1/2010

                                        Richard W. Wieking, Clerk
                                  /s/ By: Elizabeth Garcia, Deputy Clerk